UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL SCHLADETZKY,<br><br>                Plaintiff,<br>v.<br><br>JOHN DOE, et al.,<br><br>                Defendants. | CASE NO. C19-0493JLR<br><br>ORDER GRANTING CLAIMANTS DOUGLAS MCKENZIE AND JEFFREY BIGSBY'S MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Before the court is Claimants Douglas McKenzie and Jeffrey Bigsby's (collectively, "Claimants") second motion for summary judgment.[1] (2d MSJ (Dkt. # 33); *see also* 2d MSJ Mem. (Dkt. # 34).) Neither Plaintiff Michael Schladetzky, nor any other party, filed an opposition to the motion. (*See generally* Dkt.) The court has reviewed the

---

[1] Another claimant, Craig Reedy, has also appeared in this action. (*See* Reedy Claim (Dkt. # 16).) However, this motion seeks only summary judgment on the claims of Mr. McKenzie and Mr. Bigsby. (*See* 2d MSJ.) Accordingly, the court does not consider Mr. Reedy's claim in this motion.

ORDER - 1

motion, all submissions filed in support of the motion, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS the motion.

## II. BACKGROUND

**A.  Factual Background**[3]

During 2017 and 2018, Mr. Schladetzky and Mr. McKenzie kept their respective boats in berths next to each other at the Port of Everett Marina. (McKenzie Decl. (Dkt. # 30) at 2.) Mr. McKenzie is a heating, ventilation and air conditioning ("HVAC") technician who "regularly install[s], repair[s] and maintain[s] HVAC systems. (*Id.* at 1.) He has worked with both marine and shore HVAC installations since 1985. (*Id.*) His work includes commercial, industrial, and domestic applications on marine HVAC systems ranging from pleasure boats to fishing vessels to cruise ships. (*Id.* at 1-2.) Mr. McKenzie has also worked on Dickinson diesel furnaces over the years and is familiar with their operation, maintenance, and repairs. (*Id.* at 2.)

While his boat was docked next to Mr. Schladetzky, Mr. McKenzie spent time on and around Mr. Schladetzky's boat. (*Id.*) Mr. McKenzie noticed that the Dickinson diesel furnace on Mr. Schladetzky's boat blew out thick black smoke and smelled of raw diesel fuel. (*Id.* at 2-3.) Based on his experience, Mr. McKenzie recognized that Mr.

---

[2] Claimants do not seek oral argument (*see* 2d MSJ at 1), and the court does not consider oral argument to be helpful in its disposition of this motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[3] The court relies on the factual record established by Claimants in support of their motion, as Mr. Schladetzky has not submitted any evidence in opposition and cannot rely on the allegations of his complaint. (*See generally* Dkt.); *Moran v. Selig*, 447 F.3d 748, 759 (9th Cir. 2006) (holding that the complaint may not be relied on at summary judgment stage).

ORDER - 2

Schladetzky's diesel furnace needed repairs and maintenance for safe and proper operation. (*Id.* at 3.) He also recognized that Mr. Schladetzky's furnace created a safety and fire hazard due to the pooling of fuel and the heat of the furnace. (*Id.*) Mr. McKenzie discussed the need for maintenance and repairs with Mr. Schladetzky on several occasions. (*Id.*) Mr. Schladetzky acknowledged the need for maintenance and repairs, but Mr. McKenzie did not observe that Mr. Schladetzky make any such repairs. (*See id.*)

On October 8, 2018, Mr. Schladetzky's boat burned at its slip, resulting in a total loss of the vessel and damage to the boathouse, including to Mr. McKenzie's slip and other adjoining slips. (*Id.*) Personal property of Mr. Bigsby, stored in Mr. McKenzie's boathouse, was also damaged. (2d MSJ Mem. at 2; *see also* Bigsby Claim (Dkt. # 14).) Earlier in October 2018, Mr. McKenzie observed black smoke and soot coming from Mr. Schladetzky's furnace along with "a raw fuel smell." (McKenzie Decl. at 3.) Mr. McKenzie opines, based on his "HVAC experience" and his observations of Mr. Schladetzky's operation of his Dickinson diesel furnace, that Mr. Schladetzky "was negligent in the maintenance and operation of his Dickinson diesel furnace causing the fire." (*Id.*)

Claimants submit the testimony of Kurt Serwold as an expert in marine fires and their causes. (*See* Serwold Decl. (Dkt. # 35).) Mr. Serwold has been the head of the Kitsap County District 18 Fire Department's marine fire detachment for 18 years and has 20 years' experience responding to fires on pleasure boats and commercial vessels in the Puget Sound region. (*Id.* at 1-2.) Mr. Serwold has also received specialized training in

1 the causes of marine fires and how to prevent them, including a course at a national
2 training center and regular U.S. Coast Guard briefings on vessel fires and safety. (*Id.* at
3 2.) Based on his experience and training, Mr. Serwold opines that it is more probable
4 than not that, "this fire was caused by the poor condition of the diesel furnace and the
5 lack of maintenance." (*Id.* at 3.) Mr. Serwold reaches his conclusion based a review of
6 witness reports, photos of the fire and subsequent damage, and interviews with
7 Claimants. (*Id.*)

**B.  Procedural Background**

On April 30, 2019, Mr. Schladetzky filed a complaint, in admiralty and maritime jurisdiction, for exoneration from or limitation of liability under 46 U.S.C. §§ 30501-30511, related to the October 8, 2018 fire. (*See* Compl. (Dkt. # 1).) On May 23, 2019, Claimants filed claims for damages against Mr. Schladetzky, alleging that he negligently caused the fire, which in turn caused damage to their property at the marina. (*See* Bigsby Claim; McKenzie Claim (Dkt. # 15).) Mr. Bigsby claims he lost $12,537.75 worth of personal property (Bigsby Claim at 4-5), and Mr. McKenzie claims he lost $23,360.00 worth of personal property (McKenzie Claim at 4-5).

Mr. Schladetzky's attorney withdrew from the case on September 6, 2019, and Mr. Schladetzky is currently *pro se*. (*See* Mot. to Withdraw (Dkt. # 18); 9/6/20 Order (Dkt. # 21).) On June 11, 2020, Claimants filed their first motion for summary judgment. (*See* 1st MSJ (Dkt. # 28); 1st MSJ Mem. (Dkt. # 29).) Mr. Schladetzky did not respond to Claimants' motion. (*See generally* Dkt.) The court denied the motion, finding that Claimants had failed to prove causation. (10/5/20 Order (Dkt. # 32) at 6.) The court

concluded that Mr. McKenzie's opinion regarding Mr. Schladetzky's furnace was admissible as expert testimony and accepted it as true for the purposes of summary judgment. (*Id.*)  However, the court found that Mr. McKenzie's opinion testimony concerning the cause of the fire was inadmissible because it was an opinion outside the scope of his expertise. (*Id.*)  Accordingly, the court found that Claimants had failed to establish proximate cause as required for their negligence claim. (*Id.* at 7.)

Claimants filed a second motion for summary judgment on January 21, 2021. (*See* 2d MSJ.)  To prove causation, Claimants submitted Mr. Serwold's declaration, as described above. (*See* Serwold Decl.)  The court now considers Claimants' motion.

### III.    ANALYSIS

The court first addresses whether Mr. Serwold's testimony regarding the cause of the fire is admissible as an expert opinion under Federal Rule of Evidence 702.  It then turns to the questions of whether Claimants are entitled to summary judgment on their negligence claim and whether Mr. Schladetzky is entitled to limit his liability.

**A.    Mr. Serwold's Expert Testimony**

The court finds that Mr. Serwold's expert opinion is admissible.  For expert testimony to be admissible under Federal Rule of Evidence 702, it must satisfy three basic requirements:  (1) the expert witness must be qualified; (2) the testimony must be reliable; and (3) the testimony must be relevant.  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-91 (1993); Fed. R. Evid. 702.

A court considering the admissibility of expert testimony under Rule 702 acts as a gatekeeper and must ensure that the testimony is both reliable and relevant.  *Daubert*, 509

U.S. at 589. *Daubert* requires that the court make "a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid," and "whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592-93. Reliability "requires that the expert's testimony have 'a reliable basis in the knowledge and experience of the relevant discipline.'" *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188-89 (9th Cir. 2019) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999)). For evidence or testimony to be relevant, it must assist the trier of fact in determining a fact in issue or understanding the evidence. *Daubert,* 509 U.S. at 591. Whether to admit expert testimony is within the court's discretion. *Kumho*, 526 U.S. at 152.

As a preliminary matter, the court finds that Mr. Serwold is qualified as an expert in marine fires and their causes. Under Rule 702, an expert may be qualified by extensive or specialized experience. Fed. R. Evid. 702; *Kumho*, 526 U.S. at 156. Mr. Serwold is a fire fighter with over 20 years' experience, 18 of which he served as chief of the Kitsap County Fire Department's marine division. (Serwold Decl. at 1). During his time in the marine detachment, Mr. Serwold has received specialized training in the causes of marine fires and how to prevent them. (*Id.* at 1-2). Because of his considerable experience and specialized training, the court finds that Mr. Serwold is qualified to offer expert testimony on marine fires and their causes.

Mr. Serwold's testimony is also reliable and relevant. Mr. Serwold based his opinion on an interview of Mr. McKenzie, Mr. McKenzie's declaration, an interview of Mr. Bigsby, witness reports, and photos of the fire damage taken both during and after

the fire. (*Id.* at 2-3.)  An expert may properly base his or her opinion on the facts of the case, whether or not he or she personally observed them.  *See* Fed. R. Evid. 703; *Sementilli v. Trinidad Corp.*, 155 F.3d 1130, 1134 (9th Cir. 1998) (citing *Daubert*, 509 U.S. at 592).  Based on his review of this material, Mr. Serwold concluded that "this fire was caused by the poor condition of the diesel furnace and the lack of maintenance" by Mr. Schladetzky.  (Serwold Decl. at 2.)  Mr. Serwold's methods for assessing fire causation are accepted by the U.S. Coast Guard and the Kitsap County Fire Department.  (*Id.*)  Based on his considerable experience with fires of this nature and thorough review of the facts underlying this case, the court determines his testimony is reliable.  (*See id.*)  As to relevancy, Claimants supplied Mr. Serwold's declaration to prove causation, a required element of their claim.  (*See generally id.*)  This testimony is relevant to a fact in issue, namely the cause of the fire.  *See Daubert,* 509 U.S. at 591.  Therefore, the court finds Mr. Serwold's testimony to be both reliable and relevant and concludes that it is admissible.  *See Ruvalcaba-Garcia*, 923 F.3d at 1188.

**B.     Claimants' Motion for Summary Judgment**

Having determined what evidence is properly before it, the court now turns to Claimants' motion for summary judgment.  Claimants argue that Mr. Schladetzky's negligence entitles them to damages and that Mr. Schladetzky is not entitled to limitation of liability.  (2d MSJ at 4-5.)  The court first outlines the standard applicable to unopposed motions for summary judgment before considering Claimants' arguments.  The court then determines that Claimants are entitled to summary judgment on their negligence claim and that Mr. Schladetzky is not entitled to limit his liability.

1. Legal Standard

Although Claimants' motion for summary judgment is unopposed, a party's failure to respond to a motion for summary judgment does not permit the court to grant the motion automatically. *See Heinemann*, 731 F.3d at 916 ("[A] motion for summary judgment may not be granted based on a failure to file an opposition to the motion."). Rather, the court may only "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); *see Heinemann*, 731 F.3d at 917. Where facts asserted by the moving party in an unopposed motion are concerned, the court may "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2); *see Heinemann*, 731 F.3d at 917. For purposes of this motion, the court accepts the undisputed testimony of Mr. McKenzie and Mr. Serwold as true. *See e.g.*, *James v. FPI Mgmt.*, No. C18-0998RSM, 2019 WL 6468552 (W.D. Wash. Dec. 12, 2019); *Wong v. Navient Solutions, LLC*, No. C19-1233JLR, 2020 WL 978520 (W.D. Wash. Feb. 28, 2020). The existence of a scintilla of evidence in support of the non-moving party's position is insufficient to allow the non-movant to survive summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.*

2. Claimants' Negligence Claim

In maritime jurisdiction, claims are determined under general principles of maritime negligence rather than common law. *See Prince v. Thomas,* 25 F. Supp. 2d 1045, 1047 (N.D. Cal. 1997); *Pope and Talbot v. Hawn*, 346 U.S. 406, 409 (1953)).

1  However, the elements of a maritime negligence cause of action are similar to those of
2  common law negligence: a duty, a breach of the duty, proximate cause, and damages.
3  *Id.*

4  The court concludes that Claimants are entitled to summary judgment on their
5  negligence claim.  In its previous order, the court accepted as true Mr. McKenzie's
6  undisputed expert testimony that Mr. Schladetzky was negligent in the maintenance and
7  operation of his diesel furnace.  (10/5/20 Order at 6; McKenzie Decl. at 3.)  The court
8  however, found that Mr. McKenzie was not qualified to opine that this negligence was
9  the cause of the fire and accordingly denied Claimants' motion.  (10/5/20 Order at 6.)  As
10 explained above, Claimants have provided admissible expert testimony, in the form of
11 Mr. Serwold's declaration, upon which a jury could reasonably find that Mr.
12 Schladetzky's operation of the furnace was the cause of the fire.  (*See* Serwold Decl. at
13 3.)  Mr. Serwold's testimony is undisputed, and the court accepts it as true for purposes
14 of this motion.  Mr. Serwold notes that heaters and furnaces on boats are the most
15 common causes of fires on vessels.  (*Id.*)  Further, based on the smell of raw fuel and the
16 billowing black smoke coming from Mr. Schladetzky's furnace, Mr. Serwold opines that
17 the negligently maintained furnace more likely than not caused this particular fire.  (*Id.*)
18 Based on this undisputed opinion, the court finds that Claimants have established
19 proximate causation.
20 The court also finds that Claimants have established damages.  Claimants outline
21 in detail their personal property that was destroyed in the fire.  (*See* McKenzie Claim at
22 4-5 (claiming $23,360.00 in damages); Bigsby Claim at 4-5 (claiming $12,537.75 in

1 damages).)  These details and their corresponding values are undisputed (*see generally*
2 Dkt.), and the court accepts them as true.  The court therefore concludes that Claimants
3 were damaged by Mr. Schladetzky's negligence.  Based on the foregoing, the court
4 concludes that Claimants are entitled to summary judgment on their negligence claim.

5     3.  Limitation of Liability

6 Mr. Schladetzky's complaint requests that his liability be limited under 46 U.S.C.
7 § 30505(a).  (Compl. ¶ 7.)  Under the statute, owners may limit their liability to the value
8 of their vessel and any pending freight.  *See* 46 U.S.C. § 30505(a).  However, owners
9 may not limit their liability for maritime negligence that occurs within their "privity or
10 knowledge."  *Waterman S.S. Corp. v. Gay Cottons*, 414 F.2d 724, 728 (9th Cir. 1969); 46
11 U.S.C. § 30505(b).  "Privity or knowledge" may be actual or constructive.  *Wash. State*
12 *Dep't of Transp. v. Sea Coast Towing Inc.*, 148 Fed. App'x 612, 613 (9th Cir. 2005).
13 Therefore, "privity or knowledge" may be established even if the owner has not availed
14 himself of whatever "means of knowledge are reasonably necessary to prevent conditions
15 likely to cause losses."  *Id.* at 613-14 (quoting *Waterman*, 414 F.2d at 732) (internal
16 quotation marks omitted).

17 Mr. Schladetzky knew that his diesel furnace required maintenance and was a
18 potential fire hazard because Mr. McKenzie told him so.  (McKenzie Decl. at 3.)  Mr.
19 McKenzie states that he regularly spent time around Mr. Schladetzky's boat, noticed the
20 condition of the furnace, and informed Mr. Schladetzky on "a number of occasions" that
21 the furnace required maintenance or repair.  (*Id.*)  Mr. Schladetzky also acknowledged the
22 issues with his furnace, informing Mr. McKenzie that he would address the problem.

(*Id.*)  However, Mr. McKenzie never observed that any repairs or maintenance on the furnace took place, nor did he observe the condition of the furnace improve prior to the fire.  (*Id.*)  It is therefore undisputed that Mr. Schladetzky had actual knowledge of the danger posed by his furnace and knew that it required maintenance.  Because Mr. Schladetzky had actual knowledge of his furnace's dangerous condition, the court finds that his negligence occurred within his "privity or knowledge."  *See, e.g.*, *Shaver Transp. Co. v. Chamberlain*, 399 F.2d 893, 895 (9th Cir. 1968) (denying limitation where testimony showed managers had actual knowledge of improperly guarded drive shaft); *Joia v. Jo-Ja Serv. Corp.*, 817 F.2d 908, 913 (1st Cir. 1987) (denying limitation where ship manager knew deck was slippery with oil and told crewman to clean the deck).  Thus, Mr. Schladetzky is not entitled to limit his liability under 46 U.S.C. § 30505(a), and Claimants are entitled to judgment in the amount of their claims.

## IV.   CONCLUSION

Based on the foregoing analysis, the court GRANTS Claimants' motion for summary judgment (Dkt. # 33).  Claimants are entitled to judgment in the amount of their claims.  (*See* Bigsby Claim; McKenzie Claim.)  Because another claimant remains, the

//

//

//

//

//

//

court declines to issue final judgment at this time. *See* Fed. R. Civ. P. 54(b); (Reedy Claim).

Dated this 18th day of March, 2021.

                                             JAMES L. ROBART
                                             United States District Judge