UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL SCHLADETZKY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C19-0493JLR<br><br>ORDER |

## I.　　INTRODUCTION

Before the court are two motions: (1) a motion to withdraw as counsel for Claimant Craig Reedy filed by Mr. Thomas D. Bigsby (Mot. to Withdraw (Dkt. # 37)); and (2) a motion for judgment on behalf of remaining Claimants Douglas McKenzie and Jeffrey Bigsby (collectively, "Claimants") (Mot. for Judgment (Dkt. # 38)). *Pro se* Plaintiff Michael Schladetzky has not opposed either motion. (*See* Dkt.) The court has reviewed the motions, the relevant portions of the record, and the applicable law. Being

//

fully advised,[1] the court DENIES the motion to withdraw as moot and GRANTS the motion for judgment.

## II. BACKGROUND

This case centers on a boat fire on October 8, 2018, during which Mr. Schladetzky's boat burned at its slip, resulting in a total loss of the vessel and damage to the surrounding slips, including those of Mr. Bigsby, Mr. McKenzie, and Mr. Reedy (collectively, "Original Claimants").[2] (McKenzie Decl. (Dkt. # 30) at 3.) On April 30, 2019, Mr. Schladetzky filed a complaint, in admiralty and maritime jurisdiction, for exoneration from or limitation of liability under 46 U.S.C. §§ 30501-30511 as related to the fire. (*See* Compl. (Dkt. # 1).) Original Claimants filed claims for damages against Mr. Schladetzky on May 23, 2019, alleging that he negligently caused the fire that, in turn, damaged their property at the marina. (*See* Bigsby Claim (Dkt. # 14); McKenzie Claim (Dkt. # 15); Reedy Claim (Dkt. # 16).) Mr. Bigsby claimed that he lost $12,537.75 worth of personal property (Bigsby Claim at 4-5); Mr. McKenzie claimed he lost $23,360.00 worth of personal property (McKenzie Claim at 4-5); and Mr. Reedy claimed that he lost $11,047.98 worth of personal property and income.

//

//

---

[1] No party requests oral argument (Mot. to Withdraw at 1; Mot. for Judgment at 1), and the court does not find that oral argument would be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court has detailed the factual and procedural background of this matter in previous orders. (*See* 3/18/21 Order (Dkt. # 36); 10/5/20 Order (Dkt. # 32).) Thus, here, it recounts only the background relevant to the instant motions.

1 | Mr. Schladetzky's attorney withdrew from the case on September 6, 2019, and Mr. Schladetzky has proceeded *pro se* since then.  (*See* Mot. (Dkt. # 18); 9/6/20 Order (Dkt. # 21).)  Afterwards, Mr. Schladetzky stopped participating in this suit.  (*See* Status Rep. (Dkt. # 25) at 1.)  Mail from the court has been returned as undeliverable (*see* 9/17/19 Entry (Dkt. # 22); 9/23/19 Entry (Dkt. # 23)), and Mr. Schladetzky has declined to provide a current address (Status Rep. at 1).

On February 27, 2020, Mr. Reedy passed away.  (Mot. to Withdraw at 1; 1st MSJ (Dkt. # 29) at 4.)  Mr. Reedy's death was first mentioned in passing by Claimants in their first motion for summary judgment filed on June 11, 2020.  (1st MSJ at 4.)  There is no evidence of a probate, personal representative or administrator, and no party has appeared in this matter representing Mr. Reedy's estate.  (*See* Mot. to Withdraw at 1; *see generally* Dkt.)  Additionally, no motion for substitution has been made by any party, successor or representative.  (*See generally* Dkt.)

On January 21, 2021, Claimants filed a second motion for summary judgment,[3] which Mr. Schladetzky did not oppose.  (*See* 2d MSJ (Dkt. # 34); *see generally* Dkt.)  The court granted summary judgment to Claimants and held that Claimants are entitled to judgment in the amount of their claims.  (3/18/21 Order at 7-12 (citing Bigsby Claim; McKenzie Claim).)  However, because Mr. Reedy's claim still remained, the court declined to issue final judgment at that time.  (*Id.* at 11-12 (citing Reedy Claim).)

//

---

[3] The court denied Claimants' first motion for summary judgment for failure to establish proximate causation.  (*See* 10/5/2020 Order at 6-7.)

1       Mr. Reedy's counsel Mr. Thomas Bigsby—who also represents Claimants—now moves to withdraw as counsel due to Mr. Reedy's death. (Mot. to Withdraw at 1.) Claimants additionally move for judgment on their two respective claims of $12,537.75 and $23,360.00. (Mot. for Judgment at 16.)[4]

### III. ANALYSIS

The court first addresses the motion to withdraw before turning to Claimants' motion for judgment.

**A.  Motion to Withdraw as Counsel**

Western District of Washington Local Rule LCR 83.2(b) provides that "no attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of court." Local Rules W.D. Wash. LCR 83.2(b)(1). An attorney will ordinarily be permitted to withdraw until 60 days before the discovery cut off date in a civil case. *Id.* Here, Mr. Bigsby, despite knowing of Mr. Reedy's death since June of 2020, waited for nearly a year before moving to withdraw. (*See* 1st MSJ at 4; Mot. to Withdraw.) The discovery cut off date fell on June 1, 2021, so 60 days before that date—up to which withdrawal was permissible—was April 2, 2021. (*See* Sched. Order (Dkt. # 27) at 1.) Mr. Bigsby is seeking withdrawal well after the permitted date to do so. *See* Local Rules W.D. Wash. LCR 83.2(b)(1). Moreover, Mr. Bigsby attaches no declaration to support his claims that "there is no probate, personal representative or administrator" for Mr. Reedy's estate and that he is "not aware of anyone handling [Mr. Reedy's] affairs."

---

[4] Claimants include a proposed judgement as part of their motion rather than as a separate entry. (*See* Mot. for Judgment at 16-17.)

(Mot. to Withdraw at 1; *see* Dkt.)  In short, Mr. Bigsby wishes to leave a claim by a decedent unrepresented against a *pro se* party who has not participated in this suit for almost two years, with three months left before trial.  *See Bohnert v. Burke*, No. CV-08-2303-PHX-LOA, 2010 WL 5067695, at *1 (D. Ariz. Dec. 7, 2010) (considering various factors, including degree to which withdrawal will delay resolution of case, in determining whether to grant motion to withdraw).

Mr. Bigsby's failure to adhere to the Local Rules and the impact of his withdrawal at this late stage of litigation would ordinarily result in the denial of his motion to withdraw, but the particular facts of this case render his motion moot.  Federal Rule of Civil Procedure 25(a)(1) provides that if a motion for substitution of a deceased party "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1).  The 90-day period begins running upon two affirmative steps:  "(1) a party must formally suggest the death of the party upon the record; and (2) the suggesting part must serve other parties . . . with a suggestion of death."  *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008).  Mr. Bigsby never filed a formal notice or statement of death with the court (*see* Dkt.), but he mentioned Mr. Reedy's passing in one sentence of Claimants' first motion for summary judgment filed on June 11, 2020, which was served upon all parties (1st MSJ at 4; Cert. of Serv. (Dkt. # 31)).  *See Veliz*, 2008 WL 2811171, at *1 (considering trigger of 90-day period to have started upon mention of death in briefing).

//

Because 90 days have passed since June 11, 2020, and no motion for substitution has been filed, the court must dismiss Mr. Reedy's claim. *See* Fed. R. Civ. P. 25(a)(1). In turn, the court denies Mr. Bigsby's motion to withdraw as moot.

**B.    Motion for Judgment**

Having dismissed Mr. Reedy's claim, Claimants' claims are the only ones remaining. The court granted summary judgment to Claimants on March 18, 2021. As the court articulated in its previous order, it declined to issue final judgment because another claimant remained at that time. (3/18/21 Order at 11-12.) That is no longer the case. *See supra* § III.A. Thus, the court grants Claimants' motion for judgment. The court awards Mr. McKenzie judgment against Mr. Schladetzky in the amount of $23,360.00 and awards Mr. Jeffrey Bigsby judgment against Mr. Schladetzky in the amount of $12,537.75.

## IV.    CONCLUSION

For the foregoing reasons, the court DENIES the motion to withdraw (Dkt. # 37) as moot and GRANTS the motion for judgment (Dkt. # 38).

Dated this 30th day of June, 2021.

JAMES L. ROBART
United States District Judge